UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIVEK SHAH, | ) |
| Plaintiff, | ) Case No. 21-cv-06148 |
| v. | ) Judge Sharon Johnson Coleman |
| NYP HOLDINGS, INC., ASSOCIATED NEWSPAPERS LIMITED, NEW YORK DAILY NEWS COMPANY, VOX MEDIA, LLC, THE SMOKING GUN, LTD., E! ENTERTAINMENT TELEVISION, LLC, THE ATLANTIC MONTHLY GROUP LLC, CBS STUDIOS, INC., INSIDE EDITION, INC., TELEPICTURES PRODUCTIONS, INC., ABC NEWS, INC., FOX NEWS NETWORK, LLC, AND DOES 1-100, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This lawsuit is brought by former aspiring actor, Vivek Shah, who was arrested in 2012 for attempted extortion after mailing millionaires letters threatening to kill their families if they failed to pay him millions of dollars. Shah now brings a litany of claims against media entities who reported on his arrest. Before Shah was arrested, he appears to have attended several parties in Hollywood where he made various celebrities take photographs with him. In his amended complaint, Shah claims that he has copyright ownership in these photographs and that the media entities infringed his copyrights by publishing these photographs without his consent, violating the Copyright Act, 17 U.S.C. §§ 106, 501. Shah also claims that five defendants violated the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202, and that four defendants violated the Lanham Act, 15 U.S.C. § 1125(a). Lastly, Shah asserts that the media entities' acts and practices constituted violations of state statutory and common law, particularly the Illinois Consumer Fraud and Deceptive Business

1

Practices Act, the Illinois Uniform Deceptive Trade Practices Act, common law unfair competition, and unjust enrichment (collectively, the "state law claims").

Ten of the defendants, NYP Holdings, Inc., Vox Media, LLC, The Atlantic Monthly Group, LLC, CBS Studios, Inc., Inside Edition, Inc., Telepictures Productions, Inc., New York Daily News Company, E! Entertainment Television, LLC, ABC News, Inc., and Fox News Network, LLC,[1] (collectively, the "Moving Defendants"), filed a consolidated motion to dismiss, requesting that the Court dismiss all of Shah's claims. For the following reasons, this Court grants Moving Defendants' motion to dismiss in its entirety [41].[2]

**Background**

According to his complaint, from July 2008 to August 2012, Shah attended Hollywood events where he met, and requested to take photographs with, many celebrities. Shah maintains that he brought a phone or a camera to these events, having pre-selected many of the camera's settings, such as shutter speed, white balance, ISO, metering type, and exposure value. Shah asserts that he would pose himself and a celebrity and hand his phone to a friend or bystander to take the photograph. He maintains that he was the sole owner of the camera, never gave creative control to the photographer, and immediately took the camera back into his possession after the photograph

---

[1] The Moving Defendants assert that Shah incorrectly sued two entities (New York Daily News Company and ABC News, Inc.). Therefore, the Court will use the entity names provided by Moving Defendants in the remainder of this Order: specifically, Daily News, L.P. for New York Daily News Company and ABC News for ABC News, Inc.

[2] Two additional defendants, Associated Newspapers Limited and The Smoking Gun, Ltd., did not join the motion to dismiss. From the Court's review of the docket, it appears Shah executed summons on both defendants but neither defendant has filed an appearance. Shah has not taken any further action with respect to these defendants. Nonetheless, the Court dismisses the case as to Associated Newspapers Limited and the Smoking Gun, Ltd. When a plaintiff appears pro se, a Court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Bradley v. Sabree*, 842 F.3d 1291, 1292 n.1 (7th Cir. 2016) (noting that in the Seventh Circuit, 28 U.S.C. § 1915(e)(2) applies to fee-paying pro se plaintiffs as well). Because the rationale for dismissal discussed below applies to all defendants, the Court dismisses the case as to the non-moving defendants as well.

was taken. Shortly after the Hollywood events, he posted the photographs to his Facebook account and later uploaded some of the photos to his IMDb-Internet Movie Database ("IMDb") page.

On August 10, 2012, the FBI arrested Shah in Schaumberg, Illinois for mailing threatening communications with intent to extort. Around the time of his arrest, defendants published various articles or news stories about Shah, featuring twenty of the photographs that Shah had uploaded to Facebook or IMDb. Shah alleges that defendants did not attribute these photos to him, but instead gave credit to IMDb or Facebook, or failed to provide any credit at all. Furthermore, Shah contends that he never licensed the photographs to defendants nor gave them permission to post them alongside their articles. He also maintains that defendants published various false statements about him along with the photographs.

In September 2013, Shah was sentenced to 87 months imprisonment. Nearly five-and-a-half years later, Shah was released from prison. Soon after his release, he allegedly learned about defendants' use of his photographs. By November 17, 2021, he had registered his copyright ownership in the twenty images.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

Shah's thirty-nine-page pro se complaint is entitled to a liberal construction despite his apparent familiarity with legal constructs and terms. *See Pardus*, 551 U.S. at 94. Viewing Shah's complaint in this light, the Court nonetheless concludes that Shah has failed to state a claim for relief on any count. Therefore, the Court dismisses Shah's amended complaint against all defendants.

Count I: Copyright Infringement

Shah first contends that defendants infringed his copyright in twenty photographs when they reproduced the photographs without his authorization. The Copyright Act provides "the owner of copyright" with the "exclusive right[]" to "distribute copies" of the work, 17 U.S.C. § 106, and establishes that "[a]nyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright." *Id.* at § 501(a). A copyright infringement claim has two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). Here, Moving Defendants maintain that Shah failed to state a copyright infringement claim because he insufficiently alleged copyright ownership. Shah contends that his certificate of registration for the copyrighted photos is *prima facie* evidence that he has ownership over a valid copyright and, regardless, that he owns the copyrights as the sole author of the photos.

Initial ownership of a work vests in the "author or authors of the work." 17 U.S.C. § 201(a). "As a general rule, the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737, 109 S. Ct. 2166, 104 L. Ed. 2d 811 (1989). Moving Defendants argue that because Shah did not take the photographs, he is not the sole author of the

work. "Under normal circumstances, a photographer is the author of his or her photographs. But, as with any general rule, exceptions exist . . . [including] joint work exceptions." *Natkin v. Winfrey*, 111 F. Supp. 2d 1003, 1008 (N.D. Ill. 2000) (Castillo, J.) (internal quotation omitted) (citing *Burrow–Giles Lithographic Co. v. Sarony,* 111 U.S. 53, 60, 4 S. Ct. 279, 28 L. Ed. 349 (1884)). Shah alleges that he gave the camera to another individual to take each photo. Because those individuals, not Shah, captured the photographs, they are the "author[s] . . . who actually create[d] the work[s]" and would be entitled to copyright in those photographs. *Reid*, 490 U.S. at 737. Shah has thus not alleged that he is the sole author of any of the photographs.

Although Shah does not allege joint authorship, because he proceeds pro se, this Court considers whether his allegations properly support joint authorship of the photos. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) (noting that a pro se "complaint need not identify a legal theory, and specifying an incorrect theory is not fatal"). To establish joint authorship, Shah must allege that he and each photographer intended to be joint authors at the time the work was created and that their contributions were independently copyrightable. *Natkin*, 111 F. Supp. 2d. at 1010. Shah's allegations certainly demonstrate his intent to be an author, as he contends that he was the "sole owner" of the cameras, that he "retained, and intended to retain, at all times, sole decision-making authority as to what went into the photos," and that he "did not relinquish creative control to his friend or bystander." (Dkt. 20 ¶¶ 39, 41–42.) But his allegations fail to reveal any intent for both himself *and* the photographer to be *joint* authors. Therefore, Shah failed to allege that he was the sole or joint author of the photos.

Shah contends in the alternative that ownership of the photographs transferred to him by "operation of law" when the photographer handed him back the camera. Copyright ownership can be transferred "in whole or in part by any means of conveyance or by operation of law." 17 U.S.C. § 201(d). But Shah's sole cited case does not explain how simply taking the camera back into his

5

possession constitutes a transfer by operation of law.  *See Brooks v. Bates*, 781 F. Supp. 202, 205 (S.D.N.Y. 1991) (discussing how transfers by operation of law are "limited" and examples include "proceedings in bankruptcy and mortgage foreclosures"); *see also Software for Moving, Inc. v. La Rosa Del Monte Exp., Inc.*, No. 07 C 1839, 2007 WL 4365363, at *3 (N.D. Ill. Dec. 7, 2007) (Gottschall, J.) (same).  Therefore, Shah has not alleged that he was transferred copyright ownership, either.

Without allegations suggesting authorship or a transfer of ownership, Shah's copyright infringement claim cannot stand.  Although Shah points to his copyright registration as proof of copyright ownership, Shah's detailed complaint undermines this registration because his allegations show that he was *not* the author of the photographs nor transferred ownership of the photographs. *See* 17 U.S.C. § 408(a) (providing the "*owner* of copyright or of any exclusive right in the work" with the ability to "obtain registration of the copyright claim") (emphasis added).  Reviewing the complaint in its entirety, this Court finds that Shah has not alleged copyright ownership.  As a result, this Court dismisses Shah's copyright infringement claim.[3]

Count II: Digital Millennium Copyright Act ("DMCA")

Next, Shah claims that five Defendants (NYP Holdings, Inc., Associated Newspapers Limited, The Atlantic Monthly Group, LLC, Daily News, L.P., and E! Entertainment Television, LLC) violated the DMCA when they attributed copyright and authorship of Shah's photos to IMDb or Facebook.  Under the DMCA, "[n]o person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement . . . provide copyright management information that is false."  17 U.S.C. § 1202(a).  Moving Defendants argue that without copyright ownership in the images, Shah lacks standing to bring a DMCA claim.  The DMCA provides a private right of action to "[a]ny

---

[3] Shah's claim raises an interesting question: who should hold copyright in a photograph when the photographer only takes the photo upon being asked?  The law, with strict requirements for joint authorship, does not reflect the current circumstances surrounding cellphone photo etiquette.  Nonetheless, Shah has not alleged authorship under current Seventh Circuit law and the Court dismisses his copyright infringement claim.

person injured by a violation of section [1202]." *Id.* at § 1203(a). Absent an ownership interest in the images, it is unclear how Shah faced any injury as a result of the allegedly improper attribution of these photographs to IMDb or Facebook. Since Shah has not sufficiently alleged ownership in a copyright, the Court finds that Shah has not alleged any injury. Therefore, Shah lacks standing to bring a DMCA claim, and the count is dismissed.

Count III: Lanham Act

The Court now considers Shah's Lanham Act Claim against four defendants (NYP Holdings, Inc., Associated Newspapers Limited, Daily News, L.P., and E! Entertainment Television, LLC). Shah claims these defendants unlawfully reproduced Shah's photographs and intentionally attributed ownership of the copyrighted images to IMDb and / or Facebook, causing consumer confusion in violation of the Lanham Act. Moving Defendants argue that this claim sounds in copyright and is thus not an actionable Lanham Act claim.

The Lanham Act protects an individual's trademark by providing a private right of action to "any person who believes that he or she is likely to be damaged" against:

> [a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

15 U.S.C. § 1125(a). Interpreting the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 123 S. Ct. 2041, 156 L. Ed. 2d. 18 (2003), the Seventh Circuit found "that the law of trademark cannot be invoked to assert what in fact is really a claim of copyright infringement." *Phoenix Ent. Partners v. Rumsey*, 829 F.3d 817, 927 (7th Cir. 2016).

The Court holds that Shah has insufficiently alleged a Lanham Act claim. First, Shah has not alleged any trademark. Shah contends in his briefing, without support, that his identity as an actor is

a trademark. But a thorough review of his complaint reveals that his Lanham Act claim is focused on improper reproduction of the photographs and deceptive attribution of their authorship, not any use of his identity. Shah's allegations simply mirror his copyright infringement claim. This Court thus dismisses Shah's Lanham Act claim.

Counts IV – VII: State Law Claims

Lastly, Shah brings four state law claims against defendants, alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Uniform Deceptive Trade Practices Act, as well as common law unfair competition and unjust enrichment. Moving Defendants argue that the state law claims are preempted by the Copyright Act, which provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . are governed exclusively by this title." 17 U.S.C. § 301(a). In the Seventh Circuit, the Copyright Act preempts state law claims when "the work in which the right is asserted [is] fixed in tangible form and come[s] within the subject matter of copyright . . . [and when] the right [is] equivalent to any of the rights specified in § 106." *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 500 (7th Cir. 2011) (internal citations omitted). Protected rights include the "reproduction, adaptation, publication, performance, and display of the copyrighted work." *Id.* at 501 (internal citation omitted).

Shah maintains that the Court should not consider preemption at this stage because preemption is an affirmative defense. However, "a Rule 12(b)(6) dismissal on the basis of an affirmative defense is proper when a complaint sets out everything necessary to establish the defense." *Carter v. Pallante*, 256 F. Supp. 3d 791, 802 (N.D. Ill. 2017) (Lee, J.) (citing *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)). As a result, the Court restricts its review to the Amended Complaint to determine if Shah's state law claims are preempted by the Copyright Act. The Court finds that they are.

8

It is uncontested that photographs are protected by copyright. Therefore, the relevant inquiry here rests on whether Shah's state law claims assert rights protected by the Copyright Act. In his complaint, Shah alleges conduct beyond the mere reproduction of images, including that defendants made false statements about Shah when they published the photographs. However, Shah never explains how these false statements violate state law and instead seems to solely focus on how defendants reproduced his photographs. For example, in his briefing, Shah's description of defendants' "injurious conduct" centers on how defendants have failed to remove the copyrighted images. The Court thus finds that Shah's state law claims are premised on "reproduction" of allegedly copyrighted images and are preempted by the Copyright Act.

**Conclusion**

For the foregoing reasons, the Court grants Moving Defendant's motion to dismiss [41] and dismisses Shah's amended complaint against all defendants without prejudice. Because the Court dismisses Shah's claims for these reasons, the Court does not consider the impact of the relevant statutes of limitations for any claim. Shah has thirty days to amend the complaint.

IT IS SO ORDERED.

Date: 1/18/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge